JAMES DAL BON
CA BAR #157942
DAL BON AND WANG
12 S FIRST STREET #613
SAN JOSE, CA 95113
ATTORNEY FOR PLAINTIFF

E-FILING

FILED
2007 NOV -8 P 2: 54
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J

Fee Paid
S1
8

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ADRIANA CRUZ,

    Plaintiff,

vs.

GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET, GUADALUPE LOPEZ, and

DOES 1-10

    Defendants

Case No: C07 05684 JW RS

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:
1) Violation of California Labor Code Section 510;
2) Violations of the Federal Fair Labor Standards Act;
3) Violation of California Labor Code Section 201;
4) Violation of California Business and Professions Code Section 17200; and
5) Violation of California Labor Code Section 226; and
6) Violation of California Labor Code Section 226.7.

**NATURE OF CLAIM**

1. This is an action on behalf of ADRIANA CRUZ whom had been employed on an hourly basis by GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET during the last two years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiff seeks compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay

COMPLAINT - 1

statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), damages for failure to provide meal/rest periods, and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

**PARTIES**

2. At all times relevant herein, Plaintiff ADRIANA CRUZ is an individual resident of Newark, California.

3. At all times relevant herein, Defendant GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET is a business of an unknown organizational structure in Newark, California.

4. At all times relevant herein Defendant GUADALUPE LOPEZ is an individual doing business as CHAVEZ MEAT MARKET

5. Individual Defendants and DOES 1-10, at all times relevant herein, are, according to information and belief, officers, owners, or employees of GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET, having control over the Plaintiff's work condition and work situation.

**GENERAL ALLEGATIONS**

6. At all times relevant herein, Plaintiff was an employee of defendants GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET, a grocery store.

7. Plaintiff was according to information and belief, an employee of Defendants acting in the normal course and scope of employment duties with Defendants as a clerk.

8. During the course of Plaintiff's employment with GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET, Plaintiff regularly worked in excess of 8 hours per day and more than 40 hours per week.

9. Plaintiff was paid on an hourly basis.

10. Plaintiff did not perform "exempt" duties in her position with GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET and thus was not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiff was not even marginally responsible for management or administrative functions, and her primary job did not require her to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of her working time.

11. At no time during the Plaintiff's employment did Plaintiff maintain any professional license with the state or practice any recognized profession, nor did Plaintiff exclusively manage any division of GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET where she customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not directly supervise any employees nor did she participate in the development of general administrative policies of GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

12. Plaintiff re-alleges and incorporates paragraphs 1-11 as if fully stated herein.

13. California Labor Code Section 501, applicable at all times relevant herein to Plaintiff's employment by Defendants, provides that all an employee are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

14. During the course of employment with Defendants, Plaintiff regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiff overtime wages as required by law.

15. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that an employee not paid such payments can recover any monies owed by civil action.

16. Defendants therefore owe Plaintiff overtime wages not properly paid to Plaintiff, in amount to be determined at trial.

17. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the amount owed.

18. Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

19. Pursuant to Labor Code Section 1194(a), Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by her in this action.

**COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**FAILURE TO PROPERLY PAY OVERTIME WAGES**

20. Plaintiff re-alleges and incorporates paragraphs 1-19 as if fully stated herein.

21. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiff was an individual employee covered by virtue of Plaintiff's direct engagement in interstate commerce.

22. The FLSA, 29 U.S.C. § 207 requires all an employee to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

23. Although Plaintiff was not so exempt during employment with GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET, defendants knowingly caused and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one half of Plaintiff's regular rate of pay.

24. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiff's rights under the FLSA.

25. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages.

26. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff proper wages, and thus defendants are liable to Plaintiff for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

27. Defendants therefore owe Plaintiff the amount of overtime not properly paid to Plaintiff, in an amount to be determined at trial.

28. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201
## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

29. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-28 as if fully stated herein.

30. At the time Plaintiff's employment with GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET was terminated; defendant's owed Plaintiff certain unpaid overtime wages in amount previously alleged.

31. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

32. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiff for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

33. Pursuant to Labor Code Section 218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred in this action.

34. Pursuant to Labor Code Section 218.6, Plaintiff requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

35. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-34 as if fully stated herein.

36. At all times relevant herein, Plaintiff's employment with GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all an employee to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

37. At all times relevant herein, as the employer of Plaintiff, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code §§17000 et seq.), but failed to pay the Plaintiff overtime pay as required by applicable California Labor Code and applicable Wage Orders.

38. During the period Plaintiff was employed with GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET, defendants failed to pay Plaintiff legally required overtime pay to which she was legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiff.

39. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

40. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiff's rights under the law were violated and the Plaintiff incurred general damages in the form of unpaid wages in an amount to be determined at trial.

41. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff overtime pay due.

42. Plaintiff, having been illegally deprived of the overtime pay to which she was legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

## COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226 INADEQUATE PAY STATEMENTS

43. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-42 as if fully stated herein.

44. California Labor Code Section 226 provides that all employers shall provide to an employee accurate and complete wage statements including, but not limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates for which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

45. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and 100$ for each inadequate statement thereafter.

46. During the course of Plaintiff's employment, defendants consistently failed to provide plaintiff with adequate pay statements as required by California Labor Code §226.

47. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

48. Defendants' failure to provide such adequate statements has caused injury to the Plaintiff.

49. Plaintiff is therefore legally entitled to recover actual damages caused by defendants' failure to provide proper records, in an amount to be determined at trial.

50. Plaintiff has incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

## COUNT SIX: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226.7
## FAILURE TO PROVIDE MEAL AND REST PERIODS

51. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-50 as if fully stated herein.

52. At relevant times herein, Plaintiff's employment was subject to the provisions of California Labor Code §226.7, which requires employer to provide an employee a half-hour meal period for every five hours worked, unless expressly exempt.

53. During her employment with Defendants, Plaintiff worked in excess of five hours per day, and was not provided a half-hour meal period as required by law.

54. For each time that the Plaintiff was not provided the required meal and/or rest period, she is entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

55. Plaintiff is therefore entitled to payment, in an amount to be proven at trial, for each meal and/or rest period that Defendants failed to provide.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

56. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined at trial;

57. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount to be determined at trial;

58. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

59. For waiting time penalty damages of thirty days wages to Plaintiff, pursuant to California Labor Code § 203 in an amount to be determined at trial;

60. For damages for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

61. For damages for inadequate provision of meal periods pursuant to California Labor Code Section 226.7 in an amount to be determined at trial;

62. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

63. Plaintiff asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

64. For costs of suit herein; and

65. For such other and further relief as the Court may deem appropriate.

11/8/07

JAMES DAL BON
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113

1  JAMES DAL BON
   CA BAR #157942
   DAL BON AND WANG
2  12 S FIRST STREET #613
   SAN JOSE, CA 95113
3  ATTORNEY FOR PLAINTIFF

4

5              UNITED STATES DISTRICT COURT

6                         FOR THE

7              NORTHERN DISTRICT OF CALIFORNIA

8

9  ADRIANA CRUZ,                    ) Case No:
                                    )
10         Plaintiff,                ) DEMAND FOR JURY TRIAL
                                    )
11     vs.                          )
                                    )
12 GUADALUPE LOPEZ dba CHAVEZ MEAT  )
                                    )
13 MARKET, GUADALUPE LOPEZ, and     )
                                    )
14 DOES 1-10                        )
                                    )
15         Defendants               )
                                    )
16                                  )

17 Plaintiff demands a jury trial.

18

19

20

21

22                                JAMES DAL BON
                                  DAL BON AND WANG
23                                12 South First Street #613
                                  San Jose, CA 95113
24

25

COMPLAINT - 11

JS 44 - No. CALIF. (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**
ADRIANA CRUZ

**DEFENDANTS**
GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET, GUADALUPE LOPEZ, and DOES 1-10

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** (EXCEPT IN U.S. PLAINTIFF CASES)
Alameda

E-FILING

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
James Dal Bon, Dal Bon & Wang
12 South First Street, Suite 613
San Jose, CA 95113 (408)292-1040

**ATTORNEYS (IF KNOWN)**

C07 05684 JW RS

**II. BASIS OF JURISDICTION** (PLACE AN "✗" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "✗" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "✗" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "✗" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | PROPERTY RIGHTS | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | PERSONAL PROPERTY | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth In Lending | ☐690 Other | | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☒710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | ☐791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐870 Taxes (US Plaintiff or Defendant) | |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | ☐871 IRS - Third Party 26 USC 7609 | ☐950 Constitutionality of State Statutes |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | ☐890 Other Statutory Actions |
| ☐290 All Other Real Property | | ☐555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
29 U.S.C. 209, et seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 75,000.00   ☐ CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE A "✗" IN ONE BOX ONLY)  ☐ SAN FRANCISCO/OAKLAND  ☒ SAN JOSE

DATE: 11/8/07

SIGNATURE OF ATTORNEY OF RECORD