Maureen E. McFadden, SBN 203781
LAW OFFICES OF MAUREEN E. MCFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203
Fax (510) 868-0976
maureen@mcfaddenlaw.net

Attorney for Defendants
GUADALUPE LOPEZ AND ALREDO LOPEZ
DBA CHAVEZ MEAT MARKET (INCORRECTLY
SUED HEREIN AS GUADALUPE LOPEZ DBA
CHAVEZ MEAT MARKET)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADRIANA CRUZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET, GUADALUPE LOPEZ, and DOES 1-10,<br><br>　　　　Defendants. | Case No.: C07-05684 JW<br><br>**ANSWER OF DEFENDANTS GUADALUPE LOPEZ AND ALFREDO LOPEZ DBA CHAVEZ MEAT MARKET (INCORRECTLY SUED HEREIN AS GUADALUPE LOPEZ DBA CHAVEZ MEAT MARKET)** |

Defendants GUADALUPE LOPEZ and ALREDO LOPEZ dba CHAVEZ MEAT MARKET (incorrectly sued herein as GUADALUPE LOPEZ dba CHAVEZ MEAT MARKET) ("Defendants") answer plaintiff's Complaint by admitting, denying, and alleging as follows:

　　　　1.　　Defendants admit that plaintiff was employed by ALFREDO LOPEZ dba CHAVEZ MEAT MARKET. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint and on that basis deny each and every allegation contained therein.

2.  Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and on that basis deny each and every allegation contained therein.

3.  Defendants deny each and every allegation set forth in Paragraph 3 of the Complaint.

4.  Defendants deny each and every allegation set forth in Paragraph 4 of the Complaint.

5.  Defendants admit that while plaintiff was employed by ALREDO LOPEZ dba CHAVEZ MEAT MARKET, ALREDO LOPEZ dba CHAVEZ MEAT MARKET had control over plaintiff's work conditions.

6.  Defendants admit that plaintiff was an employee of ALREDO LOPEZ dba CHAVEZ MEAT MARKET from on or about May 31, 2004 through on or about November 1, 2006.

7.  Defendants admit that plaintiff was a kitchen worker employed by ALREDO LOPEZ dba CHAVEZ MEAT MARKET.

8.  Defendants deny each and every allegation set forth in Paragraph 4 of the Complaint.

9.  Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit that plaintiff did not perform exempt duties while employed by ALREDO LOPEZ dba CHAVEZ MEAT MARKET.

11. Defendants admit that plaintiff had no management duties, did not regularly exercise discretion, did not directly supervise employees, and did not participate in the development of general administrative policies while employed by ALREDO LOPEZ dba

CHAVEZ MEAT MARKET. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the First Amended Complaint and on that basis deny each and every allegation contained therein.

12. Defendants admit and deny the allegations incorporated into Paragraph 12 to the same extent such allegations are admitted or denied elsewhere in this Answer.

13. Defendants deny each and every allegation set forth in Paragraph 13 of the Complaint.

14. Defendants deny each and every allegation set forth in Paragraph 14 of the Complaint.

15. Defendants admit that California Labor Code Section 1194 obligates employers to pay overtime as specified therein.

16. Defendants deny each and every allegation set forth in Paragraph 16 of the First Amended Complaint.

17. Defendants deny each and every allegation set forth in Paragraph 17 of the First Amended Complaint.

18. Defendants deny each and every allegation set forth in Paragraph 18 of the First Amended Complaint.

19. Defendants deny each and every allegation set forth in Paragraph 19 of the First Amended Complaint.

20. Defendants admit and deny the allegations incorporated into Paragraph 20 to the same extent such allegations are admitted or denied elsewhere in this Answer.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and on that basis deny each and every allegation contained therein.

22. Defendants admit that 29 U.S.C. Section 207 requires payment of overtime as specified in the statute.

23. Defendants deny each and every allegation contained in Paragraph 23 of the Complaint.

24. Defendants deny each and every allegation contained in Paragraph 24 of the Complaint.

25. Defendants deny each and every allegation contained in Paragraph 25 of the Complaint.

26. Defendants deny each and every allegation set forth in Paragraph 26 of the Complaint.

27. Defendants deny each and every allegation set forth in Paragraph 27 of Complaint.

28. Defendants deny each and every allegation set forth in Paragraph 28 of the Complaint.

29. Defendants admit and deny the allegations incorporated into Paragraph 29 to the same extent such allegations are admitted or denied elsewhere in this Answer.

30. Defendants deny each and every allegation set forth in Paragraph 30 of the Complaint.

31. Defendants admit that Labor Code Section 201 provides for a penalty of up to 30 days wages, as specified in the statute.

32. Defendants deny each and every allegation set forth in Paragraph 32 of the Complaint.

33. Defendants deny each and every allegation set forth in Paragraph 33 of the Complaint.

34. Defendants deny each and every allegation set forth in Paragraph 34 of the Complaint.

35. Defendants admit and deny the allegations incorporated into Paragraph 35 to the same extent such allegations are admitted or denied elsewhere in this Answer.

36. Defendants admit that plaintiff's employment by ALREDO LOPEZ dba CHAVEZ MEAT MARKET was subject to the California Labor Code, according to the terms specified in the California Labor Code.

37. Defendants deny each and every allegation set forth in Paragraph 37 of the Complaint.

38. Defendants deny each and every allegation contained in Paragraph 38 of the Complaint.

39. Defendants deny each and every allegation contained in Paragraph 39 of the Complaint.

40. Defendants deny each and every allegation contained in Paragraph 40 of the Complaint.

41. Defendants deny each and every allegation contained in Paragraph 41 of the Complaint.

42. Defendants deny each and every allegation contained in Paragraph 42 of the First Amended Complaint.

43. Defendants admit and deny the allegations incorporated into Paragraph 43 to the same extent such allegations are admitted or denied elsewhere in this Answer.

44. Defendants admit that California Labor Code Section 226 contains requirements for wage statements that are set forth in the statute.

45. Defendants admit that California Labor Code Section 226 provides penalties for inadequate wage statements as specified in the statute.

46. Defendants deny each and every allegation in Paragraph 46 of the Complaint.

47. Defendants deny each and every allegation in Paragraph 47 of the Complaint

48. Defendants deny each and every allegation in Paragraph 48 of the Complaint.

49. Defendants deny each and every allegation in Paragraph 49 of the Complaint.

50. Defendants deny each and every allegation in Paragraph 50 of the Complaint

51. Defendants admit and deny the allegations incorporated into Paragraph 51 to the same extent such allegations are admitted or denied elsewhere in this Answer.

52. Defendants admit that Labor Code Section 226.7 applied to plaintiff's employment by ALREDO LOPEZ dba CHAVEZ MEAT MARKET, according to the terms specified in the statute.

53. Defendants deny each and every allegation in Paragraph 53 of the Complaint.

54. Defendants deny each and every allegation in Paragraph 54 of the Complaint.

55. Defendants deny each and every allegation in Paragraph 55 of the First Amended Complaint.

56. Defendants deny each and every allegation in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny each and every allegation in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. As a first separate and distinct affirmative defense to all claims in plaintiff's Complaint, defendants allege that the Complaint fails to state facts sufficient to constitute any claim for relief against defendants.

2. As a second separate and distinct affirmative defense to all claims in plaintiff's Complaint, defendants allege that the Complaint, and each claim therein, is barred by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure Sections 337, 338, 339, 340 and 343.

3. As a third separate and distinct affirmative defense to all claims in plaintiff's Complaint, defendants allege that each and every claim in the Complaint is barred by the doctrine of equity.

4. As a fourth separate and distinct affirmative defense to all claims in plaintiff's Complaint, defendants allege that each and every claim in the Complaint is barred by the doctrine of laches.

5.  As a fifth separate and distinct affirmative defense to all claims in plaintiff's Complaint, defendants allege that each and every claim in the Complaint is barred by the doctrine of waiver.

6.  As a sixth separate and distinct affirmative defense to all claims in plaintiff's Complaint, defendants allege that that no penalties may be imposed against them under the California Labor Code as all of their acts and omissions towards plaintiffs, if any there were, were in good faith and defendants had reasonable grounds for believing that their conduct did not violate any provisions of the California Labor Code of any order of the Industrial Welfare Commission of Division of Labor Standards Enforcement or any provision of the Fair Labor Standard Act.

7.  As a seventh separate and distinct affirmative defense to all claims in plaintiff's Complaint, defendants allege that each and every claim in the Complaint fails to state facts sufficient to entitle plaintiff to recover attorneys' fees.

8.  As an eighth separate and distinct affirmative defense to all claims in plaintiff's Complaint, defendants allege that plaintiffs failed to mitigate the damages they allegedly suffered, if any there were, and that such failure to mitigate bars recovery against Defendants.

9.  As a ninth separate and distinct affirmative defense to all claims in plaintiff's Complaint, defendants allege that each and every claim in the Complaint is barred by the doctrine of unclean hands.

10. As a tenth separate and distinct affirmative defense to all claims in plaintiff's Complaint, defendants allege that plaintiffs are barred by estoppel from asserting each and every claim for relief in the Complaint.

11. As an eleventh separate and distinct affirmative defense to all claims in plaintiff's Complaint, defendants allege that at all times mentioned herein, defendants acted in good faith, without malice, and with due regard for the rights of employees.

12. As a twelfth separate and distinct affirmative defense to all claims in plaintiff's Complaint, defendant Guadalupe Lopez alleges that she is not and has never been plaintiff's employer, so that plaintiff has no standing to sue her for any of the claims alleged herein.

Defendants presently have insufficient knowledge or information with which to form a belief as to whether or not they may have additional, yet unstated affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event further investigation and discovery indicate they would be appropriate.

WHEREFORE, defendants demand judgment dismissing the Complaint against them, and that they be awarded their costs incurred in defense of this action, any applicable attorneys' fees, and for such other and further relief as this court may deem just and proper.

DATED: December 18, 2007        LAW OFFICES OF MAUREEN E. MCFADDEN

By: _____
Maureen E. McFadden

Attorneys for Defendants
GUADALUPE LOPEZ AND ALREDO LOPEZ
DBA CHAVEZ MEAT MARKET
(INCORRECTLY SUED HEREIN AS
GUADALUPE LOPEZ DBA CHAVEZ MEAT
MARKET)